# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ONWARD HEALTHCARE, INC.,

      Plaintiff,

vs.                                                                    Case No: 6:12-cv-508-Orl-37KRS

NATASHAE RUNNELS; and VOYAGE
HEALTHCARE, LLC,

      Defendants.

## ORDER

This cause is before the Court on Plaintiff's Emergency Motion to Renew Plaintiff's Motion for Temporary Restraining Order (Doc. No. 11), filed April 12, 2012.

Previously, due to Plaintiff's failure to properly support the assertion that Plaintiff's claims fall within this Court's subject matter jurisdiction, the Court converted an emergency motion for temporary restraining order to a motion for preliminary injunction. (Doc. No. 5.) The Court also set a briefing schedule and hearing date. (*Id.*) Subsequently, Plaintiff filed an amended complaint containing additional allegations which Plaintiff contends correct the jurisdictional defects of the original complaint. (*See* Doc. Nos. 9, 10.) Plaintiff also moved, again on an emergency basis, to renew its motion for temporary restraining order due to "additional evidence." (Doc. No. 11.) Plaintiff's emergency application is due to be denied for the following reasons.

*First*, Local Rule 4.05(b)(2) requires litigants who seek the imposition of a temporary restraining order ("TRO") to show "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." The

renewed application does not make any argument or present any evidence that the injury alleged in the amended complaint is so imminent, so looming, or so new that Defendants should not be given notice and an opportunity to be heard.  Plaintiff has known since at least March 2, 2012, that Defendants were soliciting the same pool of temporary healthcare professionals that Plaintiff relies upon.  Nothing has changed in the interim except that Plaintiff can now identify specific professionals who have been "converted" by Defendants.  Since this Court has set a hearing on this matter and directed the parties to engage in a precise briefing schedule that will provide an opportunity for all parties to be heard, the Court will maintain its course.

*Second*, Plaintiff failed to adhere to Local Rule 4.05(b)(3)(ii), which requires a party moving for a TRO to "set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted."  *See also* Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."); *BellSouth Telecomm., Inc. v. MCImetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005).  Plaintiff neglects to present any argument on this issue in its present application, and presents only a cursory argument on this issue in its original motion.

Injunction bonds insure that funds will be available to compensate a party improvidently enjoined at the behest of the party posting the bond.  *See W.R. Grace & Co. v. Local 759*, 461 U.S. 757, 770 n.14 (1983).  Here, Runnels stands to lose a significant portion of her salary over the period of the injunction, and Voyage stands to lose the services of one of its employees, albeit one who may be subject to a non-

compete agreement. These circumstances warrant more than a *de minimis* bond, especially in these times of recession and high unemployment.[1]

*Third*, the injunction sought by Plaintiff is overly broad in that it would do more than preserve the status quo. That is, of course, the purpose of a TRO. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 n.1 (11th Cir. 2005). For at least some of the requested relief, i.e., the dissemination of information, it is far too late for emergency injunctive relief. The horse is out of the barn. The injunction that Plaintiff requests seeks, at least in part, to reverse these circumstances, i.e., return the confidential information, without notice and an opportunity to be heard. This does not maintain the status quo, but rather forces Defendants to affirmatively change their position. The Court is not inclined to issue such an order on an emergency basis.[2]

*Fourth*, Plaintiff's injury is not so irreparable that it could not itemize, in a rather detailed fashion, the monetary damages flowing from Defendants' conduct. (*See* Doc. No. 10.) The Court notes, while not deciding the issue on the incomplete record before it, that the "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).[3]

---

[1] That being said, the state of the present economy is no excuse for Defendants to ignore the consequences which may flow from disseminating Plaintiff's confidential business information or from violating the non-complete agreement that Plaintiff contends binds Runnells. Defendants ignore such consequences at their peril.

[2] The Court also notes that some terms of the proposed injunction, such as "Onward's Confidential Information," are not defined and, therefore, ambiguous. Such terms do not put Defendants on notice of which materials are the subject of the injunction.

[3] The Court will also take this opportunity to caution counsel that the undersigned takes the designation of "emergency" motions most seriously. As Local

In view of the foregoing, it is hereby **ORDERED**:

Plaintiff's Emergency Motion to Renew Plaintiff's Motion for Temporary Restraining Order (Doc. No. 11) is **DENIED** to the extent it seeks entry of a TRO. The parties shall adhere to the briefing schedule set forth in the Order at docket number 5.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 13, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record

---

Rule 3.01(e) warns, "The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." Neither the present motion nor Plaintiff's previous motion present an emergency that requires the immediate attention of the judiciary. Indeed, Plaintiff was on notice of Defendants' actions for a month before filing this lawsuit. The repeated, unwarranted designation of a motion as an emergency motion "unfairly disfavors other litigants who, despite expeditious prosecution of each case and scrupulous attention to each local and federal rule of procedure, must wait patiently while the court disposes of a feigned emergency." *Bravado Int'l Grp. Merch. Servs., Inc. v. Smith*, No. 8:12-cv-613, 2012 WL 1155858, at *1 (M.D. Fla. Mar. 27, 2012). It would behoove Plaintiff and counsel not to file another "emergency" motion unless, for example, a person's life is in danger, a family is about to be thrown out of its home, or a ruinous calamity is about to descend upon the community at large.

4